IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MARIA G. LAMAS

v.  Civil No. 1:16-cv-310-HSO
    Criminal No. 1:13cr92-HSO-RHW-2

UNITED STATES OF AMERICA

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**

BEFORE THE COURT is the Motion [73] of Defendant Maria G. Lamas for Minor Role Adjustment and Sentence Reduction filed pursuant to 28 U.S.C. § 2255. The Government has filed a Response [75] in opposition to Lamas's Motion [73]. After due consideration of the issues presented, the record, and relevant legal authority, the Court is of the opinion that Lamas's § 2255 Motion should be denied without an evidentiary hearing.

I. FACTS AND PROCEDURAL HISTORY

On May 5, 2014, Maria G. Lamas ("Lamas") pleaded guilty to Count 1 of the single-count Indictment in this case. *See* May 5, 2014, Minute Entry. Count 1 charged that

> beginning sometime in June 2013 and continuing up to the date of this indictment in Harrison County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendants, **VICTOR ANGEL LAMAS and MARIA GUADALUPE LAMAS**, did knowingly conspire with others both known and unknown to the Grand Jury, to possess with intent to distribute 50 grams or more of actual methamphetamine, a

Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code.

Indictment [23] at 1.

As part of her plea, Lamas entered into a Plea Agreement [52] with the Government which provided, in relevant part, that Lamas

> expressly waives the following rights:
> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

Plea Agreement [52] at 4-5.

Lamas was sentenced on July 29, 2014, to a term of imprisonment of 90 months as to Count 1 of the Indictment, and Judgment [63] was entered on July 30, 2014. J. [63] at 1-2. The Court ordered that, upon release from imprisonment, Lamas be placed on supervised release for a term of 60 months as to Count 1. *Id.* at 3. The Court also ordered Lamas to pay a $100.00 assessment. *Id.* at 5. Lamas did not file a direct appeal.

On August 22, 2016, Lamas filed the present Motion [73] pursuant to 28 U.S.C. § 2255.[1] Lamas asks the Court to apply a minor-role adjustment and

---

[1] Lamas executed the Motion and placed it in the prison mailing system on July 28, 2016. Mot. [73] at 4.

sentence reduction based upon *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), and pursuant to clarifying Amendment 794 of the United States Sentencing Guidelines, which amended the commentary to United States Sentencing Guideline § 3B1.2. The Government responds that Lamas explicitly waived her right to seek post-conviction relief, and that *Quintero-Leyva* otherwise offers Lamas no relief.  Resp. [75] at 2-3.

## II.  DISCUSSION

A.  Lamas has waived the right to seek post-conviction relief.

"As a general matter, . . . an informed and voluntary waiver of post-conviction relief is effective to bar [§ 2255] relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).  In this case, Lamas signed the Plea Agreement confirming that she had read it or had it read to her, had it explained to her by her attorney, understood it, and voluntarily agreed to and accepted it.  Plea Agreement [52] at 6.

During the plea colloquy, the Court also reviewed the waivers with Lamas and determined that Lamas fully understood the Plea Agreement and its waivers. Lamas attested that she fully understood and voluntarily approved of her Plea Agreement, including these waivers.  "Solemn declarations in open court carry a strong presumption of verity." *Wilkes*, 20 F.3d at 653 (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)).  Lamas has not asserted, and has presented no evidence, that her plea was not knowing and voluntary.  As such, the waivers are valid and enforceable.  *See id.*

According to the terms of the Plea Agreement, Lamas unequivocally waived

her right to contest her sentence in any collateral proceeding except for claims of ineffective assistance of counsel. Lamas has raised no such claims. Lamas is bound by her Plea Agreement, and her Motion [73] will be denied for this reason.

B. <u>Construing all facts alleged in Lamas's favor, Lamas has not shown that she is entitled to any relief under § 2255.</u>

Even if Lamas had not waived her right to seek post-conviction relief, Lamas has not shown that she is entitled to any relief under § 2255. Lamas's only asserted ground for relief is that she is entitled to a four-level reduction for her minor role in the offense pursuant to Amendment 794 to the Sentencing Guidelines. "Claims of misapplication of the guidelines are not cognizable under § 2255." *United States v. Guerrero*, No. 16-41150, 2017 WL 2703676, at *1 (5th Cir. June 21, 2017) (citing *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). A request to reduce a sentence based upon the United States Sentencing Commission's adoption of an amendment lowering a sentencing range is properly construed as arising under 18 U.S.C. § 3582(c)(2). *See id.* (Amendment 794); *United States v. Porter*, 335 F. App'x 408, 409 (5th Cir. 2009) (Amendments 706 and 709).

Even considering Lamas' Motion under § 3582(c)(2), she is entitled to no relief. 18 U.S.C. § 3582(c)(2) provides that the court may not modify a term of imprisonment once it has been imposed except that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or

on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 3582(c)(2) applies only to retroactive guideline amendments that are listed in U.S.S.G. § 1B1.10(d), which Amendment 794 is not. *Guerrero*, 2017 WL 2703676, at *1 (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)); *see also Porter*, 335 F. App'x at 410.

Insofar as Lamas contends Amendment 794 is a clarifying amendment that should be applied retroactively even though it is not listed in Guideline § 1B1.10, the Fifth Circuit has held that, except on direct appeal, a clarifying amendment is not to be applied retroactively unless the amendment is listed in Guideline § 1B1.10. *Porter*, 335 F. App'x at 410. The authority upon which Lamas relies, *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), involved the retroactivity of Amendment 794 on a direct appeal and is not controlling. Lamas did not file a direct appeal, and persuasive authority indicates that Amendment 794 does not apply retroactively in this case. *See Guerrero*, 2017 WL 2703676, at *1; *Porter*, 335 F. App'x at 410.[2] Therefore, even absent the waiver in Lamas's Plea Agreement, she is not eligible for any relief under Amendment 794.

---

[2] *See also, e.g., United States v. Estrada*, No. CR 2:14-724-1, 2017 WL 2422882, at *4 (S.D. Tex. June 5, 2017); *Fields v. United States*, No. 3:13-CR-0416-G (04), 2017 WL 2590107, at *2 (N.D. Tex. May 24, 2017), *report and recommendation adopted*, No. 3:13-CR-416(04)-G, 2017 WL 2573231 (N.D. Tex. June 14, 2017); *Harris v. United States*, No. 3:13CR42-MPM, 2017 WL 1450485, at *3 (N.D. Miss. Apr. 20, 2017).

### III. CONCLUSION

Because the Motion, files, and records conclusively show that Lamas is entitled to no relief, the Court finds that Lamas's Motion for Minor Role Adjustment and Sentence Reduction filed pursuant to 28 U.S.C. § 2255 should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [73] of Defendant Maria G. Lamas for Minor Role Adjustment and Sentence Reduction filed pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 10th day of August, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE